In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 21  P 5: 11

CLERK
S. DIST. OF GA.

| | | |
|---|---|---|
| CARLIS STARKE, as guardian for REGINALD STARKE, an incapacitated adult, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | NO. CV206-105 |

O R D ER

Plaintiff, Carlis Starke, as guardian for her incapacitated husband, Reginald Starke, filed the above-captioned case against the federal government, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging that Defendant's negligence caused Starke to suffer serious and permanent physical injuries.

Presently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. Because Plaintiff's cause of action is barred by governing law, the motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

## BACKGROUND

On August 11, 2003, Reginald Starke ("Starke") was on active duty with the United States Navy and was stationed at Kings Bay Naval Submarine Base. After completing his assigned duties for the day, Starke left the base, and returned to his off-base housing at about 3:30 in the afternoon.

Starke decided to return to the base with friends to play golf at the Kings Bay Trident Lakes Golf Course that afternoon. At about 6:00 p.m., Starke was on the golf course and was struck by lightning. Plaintiff's complaint alleges that the golf course personnel's failure to sound the inclement weather alarm was negligent. The complaint alleges that had such a warning been sounded, Starke would have taken precautionary measures to avoid his injuries. As a result of the lightning strike, Starke has been rendered totally incapacitated, and remains in a coma or semi-comatose condition.

## STANDARD ON A MOTION TO DISMISS UNDER RULE 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim because the court lacks jurisdiction over the subject matter. Such a

AO 72A
(Rev. 8/82)

motion may be made at any stage of the proceedings. Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

The Federal Tort Claims Act ("FTCA") provides that the federal district courts:

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(2006).

"The Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950).

The Court considers three factors to determine whether the activity is "incident to military service." "The factors to be considered include (1) the duty status of the service member, (2) the place where the injury occurred, and (3) the activity the serviceman was engaged in at the time of the injury." Pierce v. United States, 813 F.2d 349, 352-53 (11th

Cir. 1987). The Court weighs these factors, looking to the totality of the circumstances to determine whether recovery is permitted under the FTCA.

Considering these factors, Starke's claim is barred by the governing law. Significantly, Plaintiff was on active duty at the time the injury occurred. "Our court has recognized that 'the serviceman's duty status was the most important criterion in determining whether an injury was incident to military service.'" Whitley v. United States, 170 F.3d 1061, 1070-71 (11th Cir. 1999)(quoting Jimenez v. United States, 158 F.3d 1228, 1229 (11th Cir. 1998) (per curiam)). That Starke was off duty for the day does not alter the analysis. Id. at 1072 n.20 & 1073-74; Parker v. United States, 611 F.2d 1007, 1013-14 (5th Cir. 1980).[1]

Likewise, Starke was injured while on the Naval Base. At the time of accident, access to the golfing facility there was restricted to military personnel and their family members. "Where the claimant is injured on base while on 'active duty,' Feres applies virtually as a matter of law." Watkins v. United States, 462 F. Supp. 980, 986 (S.D. Ga. 1977).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

Lastly, Starke was engaged in a recreational activity when he was injured. However, this fact does not alter the outcome here. As this Court has recognized, it is not only those servicemen who are injured in the "line of duty" that are barred from recovery under the FTCA. <u>Id.</u> at 988. Under the totality of the circumstances, it is plain that Starke's claim is barred by <u>Feres</u> and its progeny. <u>Id.</u> at 986-88; <u>Whitley</u>, 170 F.3d at 1073-74; <u>Mason v. United States</u>, 568 F.2d 1135, 1136 (5th Cir. 1978)(per curiam).

## CONCLUSION

For the reasons explained above, the Government's motion to dismiss is **GRANTED**. Dkt. No. 9.

**SO ORDERED**, this ___21st___ day of November, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)